UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS GAMBUCCI, | CASE NO. C16-1302RSM |
| Plaintiff, | |
| v. | ORDER GRANTING MOTIONS TO DISMISS |
| TED CHEPOLIS, *et al.*, | |
| Defendants. | |

## I. INTRODUCTION

This matter comes before the Court on the following motions:

1) Defendants Philip Jennings's, Henry Dean's, R. Bruce Johnston's and Emanuel Jacobowitz's Motion to Dismiss and Motion for Reconsideration of Order Granting In Forma Pauperis Status to Plaintiff (Dkt. #17); and

2) Defendant Ted Chepolis's Motion to Dismiss (Dkt. #19).

The Defendants ask the Court to dismiss all claims against them as time-barred, or alternatively, as precluded by the doctrines of *res judicata* and/or issue preclusion or under 18 U.S.C. § 1915(g) as frivolous and malicious. Dkts. #17 and #19. Plaintiff opposes the motions arguing that his claims are not time barred, and that they are not barred by the doctrine of *res judicata*. Dkts. #26 and #27. The Court has reviewed the parties' pleadings, along with the

ORDER
PAGE - 1

Declarations and Exhibits filed in support thereof, and now GRANTS Defendants' motions for the reasons stated herein.

## II.     BACKGROUND

Plaintiff Gambucci filed the instant matter on August 17, 2016.  He is proceeding *pro se*, and has been granted leave to proceed *in forma pauperis*.  Dkt. #4.  Plaintiff is currently a defendant in a Skagit County Superior Court case, entitled *DEEC, Inc. v. C. Hugh Jonson and Thomas Gambucci*, involving the same parties as the instant matter.  *See* Dkt. #12.  The instant matter is also related to another case that had been proceeding in this Court, *Jonson v. Chepolis*, *et al.*, Case No. C16-1220RSM.  *Id.*  Before this Court, and like Mr. Jonson's allegations in *Jonson v. Chepolis*, Plaintiff Gambucci alleges various violations of the Computer Fraud and Abuse Act ("CFAA"), *inter alia*, against Defendants.  Dkt. #5.

Plaintiff Gambucci alleges that in 2013, he met Mr. C. Hugh Jonson while he (Gambucci) was being employed as a consultant and investigator for Attorney John Cochran.  Apparently, Attorney Cochran represented Mr. Jonson during that time, and Mr. Gambucci understood that Mr. Jonson's primary business was in Trucking and Marine industry.  Dkt. #5 at § IV.1.  Mr. Gambucci asserts that Attorney Cochran introduced him to Mr. Jonson to assist with a real estate matter involving the foreclosure of Mr. Jonson's home in Washington.  *Id.*  According to Mr. Gambucci, he became interested in Mr. Jonson assisting him with a truck stop concept that he had designed for a real estate development he planned to commence in Fort Myers, Florida, on a property owned by another client of Mr. Gambucci's.  *Id.*  Mr. Gambucci drafted a business plan which included Mr. Jonson as a director, as well as potential partner in the development of the truck stop in Florida.  *Id.*  Mr. Gambucci then offered Mr.

ORDER
PAGE - 2

Jonson a position in the new company being formed to develop the truck stop, which Mr. Gambucci had named DieselAire. Dkt. #5 at § IV.1.

According to both Mr. Gambucci and Mr. Jonson, Mr. Jonson was formerly the owner of a Washington corporation known as DEEC, Inc. ("DEEC"). *Id.*; Case C16-1220RSM, Dkt. #1 at ¶ IV. 1. Mr. Jonson asserts that in October or November of 2013, he asked Defendant Chepolis to build a website (DEECWorldwide.com) and create an associated email address for him. Case C16-1220RSM, Dkt. #1 at ¶ IV. 1. He alleges that Mr. Chepolis agreed to build and maintain the website along with an email for him, for which he would compensate Mr. Chepolis by gifting a portion of his royalties on the sales of DEEC products.[1] *Id.* Mr. Jonson alleges that it was during this process when Mr. Chepolis became aware of his email password. Case C16-1220RSM, Dkt. #1 at ¶ IV. 2. Mr. Gambucci also alleges these facts. Dkt. #5 at § IV.1.

Mr. Jonson alleges that in April of 2014, Defendant Dean asked Mr. Chepolis to "monitor" Plaintiff's email. Case C16-1220RSM, Dkt. #1 at ¶ IV. 4. Mr. Jonson alleges that on April 21, 2014, Mr. Chepolis obtained an email from his (Jonson's) email account that was addressed to Mr. Cochran, Mr. Gambucci and a Mr. Michael Pfeiffer. *Id.* at ¶ IV. 5. The email apparently contained an acceptance by Mr. Jonson to Mr. Gambucci's offer to join the Board of Directors at Mr. Gambucci's truck stop business in Florida. *Id.* at ¶ IV. 9. Mr. Jonson states that Mr. Chepolis then brought the email to Defendants Dean and Jennings, and the email, which contained some negative statements about Mr. Dean, angered Mr. Dean. *Id.* at ¶ IV. 6. Mr. Jonson alleges that, as a result, Mr. Dean terminated his (Mr. Jonson's) employment as

---

[1] In prior state court proceedings, Mr. Chepolis has stated that he is a Shareholder in DEEC, Inc. and that he is the registered owner of the deecworldwide.com domain, which he manages for DEEC on dedicated server space that he leases from a commercial server host. Case C16-1220RSM, Dkt. #15, Ec. C at ¶ ¶ 2-3. Neither Mr. Jonson nor Mr. Gambucci dispute those facts. Dkt. #5 at § IV.; Case C16-1220RSM, Dkt. #1 at ¶ IV. 2.

ORDER
PAGE - 3

President of DEEC, Inc.  Mr. Gambucci alleges that he had never met, nor had any business dealings with, any of the Defendants until the alleged email interception.  Dkt. #5 at § IV.1.

Lawsuits in the Washington State Superior Court for Skagit County followed.  DEEC, Inc. apparently sued Mr. Jonson and Mr. Gambucci, and Mr. Jonson and another of his companies (Jonson Tug and Salvage Company) apparently sued DEEC and the current individual Defendants in the instant lawsuit.  *See* Dkt. #15, Exs. A-C.  Those cases were consolidated in the Skagit County Superior Court and eventually claims and counterclaims involving Mr. Jonson were dismissed with prejudice.  Dkts. #9, Ex. A and #15, Ex. B.  As to Mr. Gambucci, it appears the state court matter is still pending.

During the state law matter, the Court found the following facts:

- DEEC, Inc. is a technology research and development company that keeps proprietary, confidential business information including at least research and development information, designs, drawings, plans, schematics, blueprints, equipment specifications, and technical data related to a diesel engine emissions control system known as the Oxy-Hydro System, and production models and early production units for that system;

- Mr. Jonson signed a non-disclosure agreement with DEEC, Inc. dated December 3, 2012, in which among other things he acknowledges that DEEC, Inc.'s confidential business information of the sort described above was developed or acquired at significant effort or expense, is a valuable special and unique asset of DEEC, Inc.'s, and provides DEEC, Inc. with a significant competitive advantage;

ORDER
PAGE - 4

- Mr. Jonson and several co-assignors transferred and assigned all of their rights, title, and interest in this intellectual property irrevocably to DEEC, Inc. by written agreement dated February 26, 2013;

- DEEC, Inc. lawfully terminated Mr. Jonson as an officer and employee no later than April 2, 2014, and ordered him to leave the premises and not return;

- Prior to April 2, 2014, Mr. Jonson was notified in writing no later than March 6, 2014 that he was not an officer, director, employee, or agent of Plaintiff and must cease to represent himself as such;

- On April 16, 2014, Mr. Jonson persuaded DEEC, Inc.'s landlord to give him access to DEEC, Inc.'s leased premises, whereafter Mr. Jonson changed the locks and excluded DEEC, Inc. from the premises, for the purpose of seizing some of the above-described proprietary, confidential business information and/or products;

- While on the premises, Mr. Jonson communicated with Mr. Gambucci regarding the organization of a new business formed by Mr. Jonson after his termination with a very similar name to DEEC, Inc.'s name – "DEEC Worldwide, Inc." – a name that implied Mr. Jonson intended to compete with DEEC, Inc. for its known customers or potential customers in the sale or licensing of the diesel engine emission control technology assigned by Mr. Jonson to DEEC, Inc.; and

- Mr. Gambucci subsequently confirmed in correspondence and declaration that he and Mr. Jonson intend to market similar products to DEEC, Inc.'s in competition with DEEC, Inc., and that he recently contacted a distributor of

DEEC, Inc.'s, resulting in that distributor canceling an order for DEEC, Inc.'s product.

Case No. C16-1220RSM, Dkt. #18-1.

Mr. Jonson subsequently filed an action against the same parties in this Court. C16-1220RSM. Days later, Plaintiff Gambucci filed this matter, alleging various violations of the Computer Fraud and Abuse Act by the same Defendants involved in his state court law suit. Dkt. #5. Defendants then filed the instant motions. Defendants Dean, Jennings, Jacobowitz and Johnston have also filed a separate motion for sanctions, which remains pending and will be addressed in a different Order.

### III.   DISCUSSION

**A.  Untimely Responses**

As an initial matter, the Court addresses Defendants' request that Mr. Gambucci's Response briefs be stricken as untimely. Dkts. #30 at 2-3 and #33. Defendants' motions to dismiss were noted for consideration by this Court on October 14, 2016, making any Response brief due no later than October 11, 2016 (as Monday, October 10th was a holiday). Local Civil Rules 6(a) and 7(d)(3). Mr. Gambucci's Responses were not filed until October 12, 2016, making them one day late. However, given the Court's conclusions below, even if the Court considers the Responses, Defendants' motions would still be granted. Accordingly, the Court declines to strike Mr. Gambucci's Response briefs, despite their untimely filing.

**B.  Legal Standard for Motions to Dismiss**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38

(9th Cir. 1996). However, the Court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when the Plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Absent facial plausibility, Plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

Though the Court limits its Rule 12(b)(6) review to allegations of material fact set forth in the Complaint, the Court may consider documents for which it has taken judicial notice. *See* F.R.E. 201; *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Here, the Court has taken judicial notice of and considers herein the documents filed in the related state court action, which are matters of public record and/or have been incorporated in the Complaint by reference therein. *See* Dkts. #5; Case No. C16-1220RSM, Dkt. #15, Exs. A-B and #18, Exs. 1-10; *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

   **C. Statute of Limitations**

Defendants first move to dismiss the claims against them as barred by the applicable statute of limitations. Dkts. #17 at 14-15 and #19 at 2-3. Mr. Gambucci brings claims against Defendants under the civil provisions of the Computer Fraud & Abuse Act, 18 U.S.C. § 1030, the Stored Communications Act, 18 U.S.C. § 2707, and the Wire Tap Act, 18 U.S.C. § 2520. Each of these statutes provides a two-year statute of limitations for any civil action. 18 U.S.C. § 1030(g); 18 U.S.C. § 2520(e); 18 U.S.C. § 2707(f). Mr. Gambucci alleges in his Complaint that his claims are based solely on the event that occurred on April 21, 2014, when Mr. Chepolis allegedly wrongfully intercepted an e-mail between him and Mr. Johnson. Thus, the

ORDER
PAGE - 7

deadline to file any action under the aforementioned statutes was April 22, 2016. Mr. Gambucci did not file the instant action until August 17, 2016, after the statute of limitations had run.

Mr. Gambucci asserts that he did not learn of the email "interception" until the end of August 2014, and therefore filed his Complaint within the applicable limitation period. Dkts. #26 and #27. That assertion is belied by the record. Indeed, in an email to Defendants and others on June 9, 2014, Mr. Gambucci states, ". . . what is the shit about your stealing my email not being a CRIME, ha ha, you are full of it." Dkt. #18-3. Mr. Gambucci further states, "And in the event of any settlement offer to Hugh or Jonson Tug, I hope you will send me the CROOKS that got my e-mail or you and your company as well as its investors will not forget my name or DIESELAIRE! I promise!" Dkt. #18-3. Thus, even if Mr. Gambucci is given the benefit of some type of "discovery" rule, his own admissions support that he learned of the email event before June 9, 2014, making his Complaint filed in August of 2016 outside the statute of limitations. Accordingly, the Court agrees with Defendants that Mr. Gambucci's claims are time barred, and Defendants' motions will be GRANTED. Because the Court finds Mr. Gambucci's claims to be barred by the statute of limitation, it will not address Defendant Dean's, Jennings's, Johnston's and Jacobowitz's alternate theories for dismissal.

## IV.   CONCLUSION

Having reviewed Defendants' Motions to Dismiss, the oppositions thereto, and replies in support thereof, along with the remainder of the record, the Court hereby finds and ORDERS:

1. Defendants Jennings's, Dean's, Johnston's and Jacobowitz's Motion to Dismiss (Dkt. #17) is GRANTED. All claims brought by Plaintiff Gambucci against

Defendants Jennings, Dean, Johnston and Jacobowitz are DISMISSED WITH PREJUDICE.

2. Defendant Chepolis's Motion to Dismiss (Dkt. #19) is GRANTED. All claims brought by Plaintiff Gambucci against Defendant Chepolis are DISMISSED WITH PREJUDICE.

3. This matter is now CLOSED.

4. The Court will issue a separate Order on the remaining motion for sanctions.

DATED this 15 day of November, 2016.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 9